UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11600- RGS

JAMES GILLIAM, Individually And On Behalf Of
All Others Similarly Situated

v.

FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.

_____

CIVIL ACTION NO. 04-11642- RGS

BOGATIN FAMILY TRUST, Individually And On Behalf Of
All Others Similarly Situated

v.

FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.

_____

CIVIL ACTION NO. 04-11709- RGS

GHASSAN J. AWALI, et al., Individually And On Behalf Of
All Others Similarly Situated

v.

FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.

_____

CIVIL ACTION NO. 04-11735- RGS

WILLIAM S. GROESCHEL, Individually And On Behalf Of
All Others Similarly Situated

v.

FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.

_____

CIVIL ACTION NO. 04-11756- RGS

NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN,
ROSE M. IANNACCONE, PRESLEY C. PHILLIPS,
ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of
FIDELITY MAGELLAN AND FIDELITY CONTRAFUND

v.

FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.

_____

CIVIL ACTION NO. 04-11812- RGS

DAVID O. FALLERT, Individually And On Behalf Of
All Others Similarly Situated

v.

FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.

_____

DISCLOSURE OF POTENTIAL CONFLICT

October 13, 2004

STEARNS, D.J.

     The five above-captioned cases are before this session of the court. All five cases are similarly structured and for the most part identically worded, differing principally only insofar as the named plaintiffs are concerned. Each plaintiff purports to bring a class action on behalf of investors in the Fidelity Family of Funds, and derivatively on behalf of the Funds themselves, against the Funds' managers and investment advisors. In essence, the Complaints allege that Fidelity management used Fund assets disguised as brokerage

commissions to induce brokers to sell Fidelity Funds at the exclusion of others. As relief, each plaintiff seeks certification of a class consisting of all Fidelity investors, with itself named as class representative and its attorney named as class counsel. In addition to the recovery of compensatory and punitive damages from the management/investment advisor defendants, the Complaints seek the rescission of the Funds' management contracts and the disgorging of all fees paid by the Funds to the management/advisor defendants. All 206 Fidelity Mutual Funds are named as nominal defendants. The Complaints, which were filed in July and August of 2004, have yet to be answered. There are, however, motions filed in <u>Gilliam v. Fidelity Management and Research Co., et al.</u>, 04-CV-11600-RGS, to appoint Tri-Lead Counsel, to appoint Liaison Counsel, and to consolidate two actions pending in Judge Wolf's session <u>(Haugen v. Fidelity Management and Research Co. and FMR Co., Inc.</u>, 04-CV-11756-MLW, and <u>Bennett v. Fidelity Management and Research Co., et al.</u>, 04-CV-11651-MLW) with the class action Complaints pending in this session. The motions are opposed by the Haugen and Bennett plaintiffs.

The federal recusal statute, 28 U.S.C. § 455(a), (b)(4), and (e) provides that:

(a)   Any justice, judge or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b)   He shall also disqualify himself in the following circumstances:
. . .

   (4)   He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
   . . .

(e)   No justice, judge, or magistrate shall accept from the parties to the

proceeding a waiver of any ground for disqualification enumerated in subsection (b). Where the ground for disqualification arises only under subsection (a), waiver may be accepted provided it is preceded by a full disclosure on the record of the basis for disqualification.

Section 455(a) of the statute is not an invitation to a judge to abdicate in difficult cases. Indeed, "[a] trial judge <u>must</u> hear cases unless some reasonable factual basis to doubt the impartiality or fairness of the tribunal is shown by some kind of probative evidence." <u>United States v. Snyder</u>, 235 F.3d 42, 46 (1st Cir. 2000), (emphasis added) quoting <u>Blizard v. Frechette</u>, 601 F.2d 1217, 1221 (1st Cir. 1979). Section 455(b)(4), however, <u>requires</u> recusal in any case in which a judge (or his spouse) has a financial interest that could be substantially affected by the outcome.

My wife or I have a direct or indirect interest in the following Fidelity Funds in the dollar ranges indicated below:[1]

| Fund | | Range |
|---|---|---|
| Fidelity Cash Reserves | - $ | 15,000 or less |
| Fidelity Growth & Income | - | 250,000 - 500,000 |
| Fidelity Asset Manager | - | 50,000 - 100,000 |
| Fidelity Spartan U.S. Treasury | - | 15,000 or less |
| Fidelity Equity Income II | - | 100,000 - 250,000 |
| Fidelity Utilities | - | 15,000 - 50,000 |
| Fidelity Government Bond | - | 15,000 - 50,000 |

I ask that the parties, within 14 days, respond to two questions. The first is directed

---

[1] The ranges are for the most part those reported in my calendar year 2003 federal Financial Disclosure Report (filed March 15, 2004). I have adjusted the figures to reflect purchases or sales of shares of the listed Fidelity Funds since the Report was filed.

to the Fidelity defendants in particular, but I invite the comments of all parties.

(1) Would an adverse outcome for the defendants, based on the plaintiffs' allegations, affect in a material degree any or all of the Fidelity investments I have listed in which my wife and/or I have an ownership interest?

The second question is directed to the plaintiffs in particular, and may be mooted by the answer to the first question, but again I invite the views of all parties.

(2) Even if there were no personal financial consequences contingent on the outcome of the cases, is there a reasonable basis upon which my impartiality in this matter could be questioned?

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE