

Perkins Smith & Cohen LLP
Attorneys at Law

Matthew J. Tuttle
(617) 854-4225
mtuttle@pscboston.com

November 23, 2004

The Honorable George A. O'Toole, Jr.
United States District Judge
United States District Court
  for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 4710
Boston, MA  02210

Re:   **Bennett v. Fidelity Management and Research Co. et al.,
      Civil Action No. 04cv11651**

Dear Judge O'Toole:

We are counsel for the plaintiffs, Cynthia A. Bennett and Guy E. Miller, in the above referenced action (the "Bennett Action") currently pending before Judge Wolf. We submit this letter to address the Notice of Pending Motions in Related Cases (the "Notice") filed by counsel for the plaintiffs in *Groeschel v. Fidelity Management and Research Co. et al.*, No. 04-11735, pending before this Court, which Notice was also filed in the Bennett Action. The Notice contains a number of what can best be described as overly simplified statements regarding the status of the referenced motions and the alleged "relation" of the *Groeschel* case to the Bennett Action. We intend this letter to clarify these points as well as to bring to the Court's attention the Bennett plaintiffs' opposition to the referenced motions.

The plaintiffs in *Groeschel* previously filed two motions which are the subject of the Notice and which are currently pending in the following cases: *Gilliam v. Fidelity Management & Research Co. et al.*, No. 04-11600l; *Bogatin Family Trust v. Fidelity Management & Research Co. et al.*, No. 04-11642, *Awali et al. v. Fidelity Management and Research Co. et al*, No. 04-11709; *Groeschel v. Fidelity Management and Research Co. et al.*, No. 04-11735; and *Fallert v. Fidelity Management and Research Co. et al.*, No. 04-11812 (collectively, the "Class Actions"). The second motion referred to in the Notice (the "Motion to Consolidate") seeks to consolidate the Class Actions with each other as well as with two derivative actions pending before Judge Mark Wolf, including the Bennett Action and *Haugen et al. v. Fidelity Management and Research Co. et al.*, No. 04-11812 (the "Haugen Action"). The Motion to Consolidate was not filed in either the Bennett Action or the Haugen Action, nor was it properly served on the plaintiffs in those actions, although their rights are clearly affected by the outcome of the Motion to Consolidate. The plaintiffs in the Bennett and Haugen Actions have opposed the Motion to Consolidate, as have the defendants in the Class Actions and the Bennett and

One Beacon Street, 30th Floor, Boston, MA 02108-3106   Tel 617.854.4000   Fax 617.854.4040

Boston, MA    Providence, RI    Washington, DC                    www.pscboston.com

The Honorable George A. O'Toole, Jr.
November 23, 2004
Page 2

Haugen Actions, and agree that the Bennett and Haugen Actions are distinct from the Class Actions and should be kept separate from the Class Actions. A courtesy copy of the Bennett plaintiffs' objection to the Motion to Consolidate is attached to this letter.

The Notice suggests that the Bennett Action is "related" to the Class Actions. The Bennett and Haugen Actions, however, while related to each other, have always been recognized as a set of actions separate and distinct from the Class Actions. The Class Actions allege a variety of class and derivative claims relating to mutual fund distribution practices, asserted under an assortment of state and federal laws, purportedly on behalf of more than 200 Fidelity mutual funds, against 25 named defendants. The Bennett plaintiffs, on the other hand, allege that the two defendants in their case charged excessive management fees to investors in five specific mutual funds in violation of § 36(b) of the Investment Company Act of 1940.

Recognizing the relation of the Bennett Action to the Haugen Action, the Bennett Action was transferred pursuant to motion under Local Rule 40.1(I) to Judge Wolf, where the Haugen Action was already pending. The Notice is somewhat misleading in that it suggests that the Bennett Action was transferred to Judge Wolf because Judge Stearns recused himself from the case. The Bennett Action, however, was transferred to Judge Wolf in early September 2004, more than two months before Judge Stearns recused himself from the Class Actions only.

The Bennett Action and the Haugen Action have been proceeding separately from the Class Actions and at a much faster pace. The Defendants have already served their answers in both cases, and the parties are engaged in discovery discussions and are working on putting together a discovery plan. Because the parties in the Bennett Action and the Haugen Action have already made significant progress in moving their cases along, and for the other reasons set forth in their opposition to the Motion to Consolidate, the Bennett plaintiffs submit that their case should remain assigned to Judge Wolf with the related Haugen Action and should not be consolidated or considered related to the Class Actions.

Respectfully yours,

s/ Matthew J. Tuttle

Matthew J. Tuttle

MJT/sd
Enclosure
Cc:    All Counsel of Record