**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| JAMES GILLIAM, Individually And On Behalf Of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., )<br>)<br>Defendants. ) | Civil Action No. 04cv11600 (RGS) |
| BOGATIN FAMILY TRUST, Individually And On Behalf Of All Others Similarly Situated, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., )<br>)<br>Defendants. ) | Civil Action No. 04cv11642 (RGS) |
| CYNTHIA A. BENNETT and GUY E. MILLER, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al., )<br>)<br>Defendants. ) | Civil Action No. 04cv11651 (RGS) |

[Caption continues on next page]

**THE *GILLIAM* PLAINTIFFS' OPPOSITION TO THE *HAUGEN*
PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

| | |
|---|---|
| GHASSAN J. AWALI et al., Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04cv11709 (RGS) |
| WILLIAM S. GROESCHEL, Individually And On Behalf Of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04cv11735 (RGS) |
| NANCY HAUGEN, MICHAEL F. MAGNAN, KAREN L. MAGNAN, ROSE M. IANNACCONE, PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS, and CINDY SCHURGIN, for the use and benefit of FIDELITY MAGELLAN AND FIDELITY CONTRAFUND,<br><br>　　　　　　　　Plaintiffs,<br><br>　vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>　　　　　　　　Defendants. | Civil Action No. 04cv11756 (MLW) |

[Caption continues on next page]

| | |
|---|---|
| DAVID O. FALLERT, Individually And On Behalf Of All Others Similarly Situated,<br><br>       Plaintiff,<br><br>vs.<br><br>FIDELITY MANAGEMENT AND RESEARCH COMPANY, et al.,<br><br>       Defendants. | Civil Action No. 04cv11812 (RGS) |

Plaintiffs James Gilliam, Bogatin Family Trust, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert (the "*Gilliam* Plaintiffs") respectfully submit this opposition to the *Haugen* Plaintiffs' Motion for Leave to File Supplemental Authority. Because the circumstances in the case referenced as supplemental authority are so drastically different from the circumstances of this case, the *Gilliam* Plaintiffs respectfully submit that the new decision submitted by *Haugen* is inapposite.

The *Haugen* Plaintiffs mischaracterize the decision by Judge O'Toole in *Forsythe v. Sun Life Financial, Inc.*, Civil Action No. 04-10584-GAO (D. Mass.) ("*Forsythe*"). First, the *Haugen* Plaintiffs conveniently omit the critical fact that Judge O'Toole's discussion of a potential conflict was based entirely on the existence of a case alleging "market-timing" against MFS in multidistrict litigation in the District of Maryland (the "MDL action"). Judge O'Toole found that the MDL action was a source of a "possible conflict of interest." *Forsythe v. Sun Life Financial, Inc.*, No. 04-10584-GAO (D. Mass. January 13, 2005) (order granting in part and denying in part motion for consolidation) ("*Forsythe* Opinion") at 5. As a result, Judge O'Toole consolidated only three of four actions against MFS.[1] Here, a separate MDL case is not pending against Fidelity, so those particular concerns are inapplicable. The *Haugen* Plaintiffs argue that "although the conflicts in *Forsythe* are of a different type than the conflicts asserted here, the *Gilliam* plaintiffs and their counsel have conflicts of interest that make consolidation improper."

---

[1] The Court ordered that *Forsythe*, *Eddings v. Sun Life Financial, Inc., et. al.*, Civil Action No. 04-10764 (D. Mass.) ("*Eddings*"), and *Koslow v. Sun Life Financial, Inc., et. al.*, Civil Action No. 04-11019-GAO (D. Mass.) ("*Koslow*") be consolidated. A fourth case, *Dumond v. Massachusetts Financial Services Company, et. al.*, Civil Action No. 04-11458-GAO (D. Mass), was not consolidated.

*Haugen* Motion at 5.  *Haugen's* unidentified imaginary conflicts are not a barrier to consolidation here and Judge O'Toole's decision does not support *Haugen's* vague conflict argument.  The specific conflict cited by Judge O'Toole concerning the MDL action is not present here and therefore not a factor affecting the Fidelity consolidation.[2]

Second, Judge O'Toole expressed concern that consolidation could delay the *Dumond* case.  Judge O'Toole, however, ordered that discovery be coordinated among all four cases, including *Dumond*, so there will be no delay in any of the cases (even as other substantive motions, *i.e.*, class certification or motion to dismiss, proceed).  *See Forsythe* Opinion at 3-4, 7.

Finally, Judge O'Toole determined that, although there were "certain commonalities among the four cases," there were differences that precluded consolidation.  *Forsythe* Opinion at 3, 4.  The *Gilliam* Plaintiffs respectfully disagree with this conclusion.  Both the *Forsythe* Plaintiffs and all of the MFS Defendants agreed at a hearing in the MFS case that all four cases were factually the same.  *See* Transcript of October 20, 2004 Hearing Before Honorable George A. O'Toole, Jr. at 21 (*Forsythe* Plaintiffs contend that cases are the same); 35 (MFS Defendants concede that the complaints share a core 36(b) claim, have the same theory, will need the same discovery, and that "[f]actually, legally, it's the same").  (The relevant pages of the Transcript are attached hereto).  Whether or not the complaints against MFS are judged to be similar or factually distinct, however, has no bearing on this action against Fidelity.  The complaints against Fidelity need to be judged independently of the conclusions drawn in MFS.  The *Gilliam*

---

[2] Even with his reference to a potential conflict by counsel in *Forsythe*, *Eddings*, and *Koslow* due to the MDL action, Judge O'Toole directed that counsel in those cases file an amended complaint and re-file their motion for appointment of lead counsel and lead plaintiff at a later date.

Plaintiffs' previous submissions in this action demonstrate the substantial factual overlap between their claims and those of *Haugen* and *Bennett*.

In sum, the potential conflicts that prevented consolidation in *Forsythe* are simply not present in these cases. Accordingly, the *Forsythe* decision is inapposite here.

## CONCLUSION

For the reasons detailed herein, the *Gilliam* Plaintiffs respectfully submit that the *Forsythe* decision is inapplicable here and request that the Court grant the *Gilliam* Plaintiffs' motion for consolidation and appointment of lead plaintiffs and lead counsel.

Dated: January 21, 2005

**MOULTON & GANS, P.C.**

By: __/s/ Nancy Freeman Gans_____
    Nancy Freeman Gans (BBO #184540)
33 Broad Street, Suite 1100
Boston, Massachusetts 02109-4216
(617) 369-7979

*Counsel for Plaintiffs James Gilliam, William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Liaison Counsel*

**MILBERG WEISS BERSHAD
 & SCHULMAN LLP**
Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
One Pennsylvania Plaza
New York, New York 10119-0165
(212) 594-5300

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*

**STULL, STULL & BRODY**
Jules Brody
Aaron Brody
6 East 45th Street
New York, New York  10017
(212) 687-7230

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert and Proposed Tri-Lead Counsel*

**SCOTT + SCOTT, LLC**
Arthur L. Shingler, III
Wells Fargo Building
401 B Street, Suite 307
San Diego, California  92101
(619) 233-4565

*Counsel for Plaintiff James Gilliam and Proposed Tri-Lead Counsel*


**LAW OFFICES OF CHARLES J. PIVEN, P.A.**
Charles J. Piven
Marshall N. Perkins
The World Trade Center – Baltimore
Suite 2525
401 East Pratt Street
Baltimore, Maryland  21202
(410) 332-0030

*Counsel for Plaintiff James Gilliam*

**SCHIFFRIN & BARROWAY, LLP**
Marc A. Topaz
Richard A. Maniskas
Three Bala Plaza East
Suite 400
Bala Cynwyd, Pennsylvania  19004
(610) 667-7706

*Counsel for Plaintiff Bogatin Family Trust*

- 4 -

**GILMAN AND PASTOR, LLP**
David Pastor (BBO #391000)
Stonehill Corporate Center
999 Broadway, Suite 500
Saugus, Massachusetts 01906
(781) 231-7850

*Counsel for Plaintiff Bogatin Family Trust*

**WEISS & YOURMAN**
Joseph H. Weiss
Richard A. Acocelli
551 Fifth Avenue, Suite 1600
New York, New York 10176
(212) 682-3025

*Counsel for Plaintiffs William S. Groeschel, Ghassan J. Awali, Marina Berti, Valeriex A. Daspit, Arthur G. Denker, Randall C. Heyward, Stanley H. Krupa, Nicole Lenzi, David M. Lucoff, Joseph F. Martingano, Michael S. Mendolia, Patricia K. Munshaw, Brian D. Reese, Jay J. Rupp, Gilbert P. Travis, Jewel R. Travis and David O. Fallert*

## CERTIFICATE OF SERVICE

I, Nancy Freeman Gans, hereby certify that I served a copy of the foregoing document upon counsel for all parties by facsimile this 21st day of January, 2005.

   /s/ Nancy Freeman Gans
        Nancy Freeman Gans