```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

JAMES GILLIAM, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiff,

    v.                                                           CIVIL ACTION NO.
                                                            04-11600-NG

FIDELITY MANAGEMENT &
RESEARCH COMPANY et al.,
    Defendants.
_____

BOGATIN FAMILY TRUST, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiff,

    v.                                                           CIVIL ACTION NO.
                                                             04-11642-NG

FIDELITY MANAGEMENT &
RESEARCH COMPANY et al.,
    Defendants.
_____

CYNTHIA A. BENNETT and
GUY E. MILLER,
    Plaintiffs,

    v.                                                           CIVIL ACTION NO.
                                                             04-11651-MLW

FIDELITY MANAGEMENT &
RESEARCH COMPANY, and
FMR CO., INC.,
    Defendants.
_____

GHASSAN J. AWALI, Individually and on
Behalf of All Others Similarly Situated,
    Plaintiff,

    v.                                                           CIVIL ACTION NO.
                                                             04-11709-MLW

FIDELITY MANAGEMENT &
RESEARCH COMPANY et al.,
    Defendants.
_____

WILLIAM S. GROESCHEL, Individually and on

```
Behalf of All Others Similarly Situated,
     Plaintiff,

          v.                                    CIVIL ACTION NO.
                                                04-11735-GAO
FIDELITY MANAGEMENT &
RESEARCH COMPANY et al.,
     Defendants.
_____

NANCY HAUGEN, MICHAEL F. MAGNAN,
KAREN L. MAGNAN, ROSE M. IANNACCONE,
PRESLEY C. PHILLIPS, ANDREA M. PHILLIPS
and CINDY SCHURGIN, for the Use and Benefit
of FIDELITY MAGELLAN and FIDELITY CONTRAFUND,
     Plaintiffs,

          v.                                    CIVIL ACTION NO.
                                                04-11756-MLW
FIDELITY MANAGEMENT &
RESEARCH COMPANY and
FMR CO., INC.,
     Defendants.
_____

DAVID O. FALLERT, Individually and on
Behalf of All Others Similarly Situated,
     Plaintiff,

          v.                                    CIVIL ACTION NO.
                                                04-11812-MLW
FIDELITY MANAGEMENT &
RESEARCH COMPANY et al.,
     Defendants.
```

**MEMORANDUM AND ORDER RE:**
**MOTION FOR CONSOLIDATION (DOCKET ENTRY # 6, CIVIL ACTION NO.**
**04-11600-NG); FIDELITY DEFENDANTS' MOTION FOR CONSOLIDATION**
**AND SEVERANCE OF CLAIMS (DOCKET ENTRY # 70, CIVIL ACTION NO.**
**04-11600-NG); FIDELITY DEFENDANTS' MOTION FOR CONSOLIDATION**
**AND SEVERANCE OF CLAIMS**
**(DOCKET ENTRY # 28, CIVIL ACTION NO. 04-11642-NG)**

**May 3, 2005**

**BOWLER, U.S.M.J.**

Plaintiffs in five of the above styled securities cases

("the Gilliam plaintiffs")[1] move to consolidate all seven of the above styled actions. (Docket Entry # 6, Civil Action No. 04-11600-NG). Defendants Fidelity Management & Research Company ("FMR"), FMR Company, Inc. ("FMRC"), Fidelity Distributors Corporation, Edward C. Johnson, III, Abigail P. Johnson, Edward C. Johnson, IV, Elizabeth L. Johnson, Peter S. Lynch, Laura B. Cronin, Robert L. Reynolds, Robert C. Pozen and J. Gary Burkhead (collectively: "the Fidelity defendants"), all of whom are named defendants in the five class action cases, oppose consolidation of all seven cases and separately move to consolidate only the five class actions cases (the Gilliam, Bogatin, Awali, Fallert and Groeschel actions) into one proceeding. (Docket Entry # 28, Civil Action No. 04-11642-NG; Docket Entry # 70, Civil Action No.

---

[1] The Gilliam plaintiffs consist of plaintiffs in the following five cases: James Gilliam v. Fidelity Management and Research Company et al., Civil Action No. 04-11600-NG ("the Gilliam action"); Bogatin Family Trust v. Fidelity Management and Research Company et al., Civil Action No. 04-11642-NG ("the Bogatin action"); Ghassan J. Awali v. Fidelity Management and Research Company et al., Civil Action No. 04-11709-MLW ("the Awali action"); William S. Groeschel v. Fidelity Management and Research Company et al., Civil Action No. 04-11735-GAO ("the Groeschel action"); and David O. Fallert v. Fidelity Management and Research Company et al., Civil Action No. 04-11812-MLW ("the Fallert action") (collectively: "the class actions"). The class actions, all of which seek class action status in addition to being derivative suits, were initially assigned to Judge Richard G. Stearns. Upon his recusal, the clerk assigned the lowest numbered case, the Gilliam action, as well as the Bogatin action, to Judge Nancy Gertner. The Awali and Fallert actions were assigned to Judge Mark L. Wolf and the Groeschel action was assigned to Judge George A. O'Toole, Jr.

04-11600-NG).[2]  None of the other defendants in the five class action cases[3] object to consolidating the five class actions into one proceeding.[4]  Like the Fidelity defendants, the independent trustee defendants and the nominal defendants oppose consolidating the Bennett and Haugen actions into the five class action cases.  Plaintiffs in the Bennett and Haugen actions, which are brought only against FMR and FMRC, likewise vigorously oppose consolidating their discrete actions, which do not seek class action status and consist only of section 36(b) ICA non-jury claims, into the five class action cases.  After conducting a hearing in March 2005, this court took the motions (Docket Entry # 6, Civil Action No. 04-11600-NG; Docket Entry # 28, Civil Action No. 04-11642-NG; Docket Entry # 70, Civil Action No. 04-

---

[2] These two motions additionally seek to sever the claims brought under section 36(b) of the Investment Company Act of 1940, 15 U.S.C. § 80a-1 et seq. ("the ICA") contained in the five class action cases and transfer such severed claims to the Bennett and Haugen actions.  (Docket Entry # 28, Civil Action No. 04-11642-NG).

[3] These named defendants consist of J. Michael Cook, Ralph F. Cox, Robert M. Gates, George H. Heilmeier, Donald J. Kirk, Marie L. Knowles, Ned C. Lautenbach, Marvin L. Mann, William O. McCoy, Gerald C. McDonough, William S. Stavropoulos, Thomas R. Williams and John Does one to 100 (collectively:  "the independent trustee defendants").  The independent trustee defendants represent that Thomas R. Williams is deceased.  In addition to the independent trustee defendants, the five class action suits name as nominal defendants in excess of 200 Fidelity Funds (henceforth:  "the nominal defendants").

[4] Nor do the Gilliam plaintiffs although they additionally seek to consolidate the Bennett and Haugen actions into a single proceeding.


11600-NG) under advisement.

## DISCUSSION

"The threshold issue" in determining whether to consolidate cases under Rule 42(a), Fed. R. Civ., "is whether the two proceedings involve a common party and common issues of fact or law."[5] Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). "Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate." Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d at 8. In considering the costs and benefits of consolidation, it is appropriate to consider and weigh the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense and "any confusion, delay or prejudice that might result from consolidation." Data General Corporation v. Grumman Systems Support Corporation, 834 F.Supp. 477, 487 (D.Mass. 1992); Tower of Cranes of America v. Public Service Company of New Hampshire, 702 F.Supp. 371, 376 (D.N.H. 1988) (court weighs "savings of time and effort that consolidation would produce against any inconvenience, delay or expense that

---

[5] A motion to consolidate is typically considered "a non-dispositive motion." Carcaise v. Cemex, Inc., 217 F.Supp.2d 603 n.1 (W.D.Pa. 2002) (collecting cases).

would be caused to the parties and to the Court").  Absent "demonstrable prejudice," consolidation is generally allowed. Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d at 8; accord Town of Norfolk v. United States Environmental Protection Agency, 134 F.R.D. 20, 21 (D.Mass. 1991) (quoting Seguro).

   The seven cases easily satisfy the threshold issue.  FMR and FMRC are named defendants in all seven cases and all of the cases contain section 36(b) excessive management fee claims under the ICA.  They also contain, albeit to a limited degree, common factual allegations as revealed in a chart prepared by the Gilliam plaintiffs (Docket Entry # 66, Civil Action No. 04-11600-NG, pp. 6-7).

   The Gilliam plaintiffs' consolidation argument, however, falters under the second part of the two part Seguro framework. Indeed, the commonalities between the five class actions and the Bennett and Haugen actions do not extend beyond the 36(b) claims which themselves are factually distinct.  Like the distinction drawn by the court in Forsythe v. Sun Life Financial, Inc., 2005 WL 81576 at * 1 (D.Mass. Jan. 13, 2005), between the two section 36(b) claims in the two sets of cases addressed in Forsythe, the Fidelity defendants properly describe the Bennett and Haugen actions as excessive management fee cases and the five class action cases as revenue sharing cases.

In the Bennett and Haugen cases, the two sets of plaintiffs seek to recover excessive management or advisory fees for breaches of fiduciary duty on the part of two defendants, FMR and FMRC, and on behalf of five Fidelity funds in which they are shareholders.[6] The actions concern five specific Fidelity funds wherein advisory fees were excessive in relation to the economies of scale accomplished as the funds grew in size. The Haugen and Bennett actions similarly and additionally allege that fees for individual investors in the mutual funds were higher than those charged to institutional investors. The Haugen and Bennett section 36(b) claims thereby allege <u>Gartenberg</u> type claims for charging fees "so disproportionally large that [they] bear[] no reasonable relationship to the services rendered." <u>Gartenberg v. Merrill Lynch Asset Management, Inc.</u>, 694 F.2d 923, 928 (2nd Cir. 1982); <u>see also</u> <u>Wicks v. Putnam Investment Management, LLC</u>, 2005 WL 705360 at * 4 (D.Mass. March 28, 2005) (adhering to <u>Gartenberg</u> standard but noting that "First Circuit has not expressly adopted the <u>Gartenberg</u> factors").

In striking contrast, the Gilliam plaintiffs premise their section 36(b) claims primarily, albeit not exclusively, upon

---

[6] The Haugen plaintiffs seek to recover only on behalf of two of Fidelity's largest mutual funds, the Fidelity Magellan Fund and the Fidelity Contrafund. Together, these two funds hold combined assets in excess of $103 billion, according to the Haugen complaint. The Bennett plaintiffs seek to recover on behalf of these two funds and an additional three Fidelity funds in which they own shares.

improper brokerage practices. The excessive fees concern undisclosed, excessive fees paid to brokers from fund assets for pushing certain funds. The gravamen of the section 36(b) claim in the Gilliam action, as well as the other four class action cases, is not upon the excessive advisor fees charged to shareholders in comparison to the services rendered but upon the undisclosed fees paid to brokers of soft dollars and excessive commissions for pushing certain funds. Using excessive fees disguised as brokerage commissions, fund assets were used to pay brokers to aggressively push consumers to purchase Fidelity funds rather than other mutual funds. The undisclosed purported Rule 12b-1 marketing fees thereby violated section 36(b) of the ICA. (Gilliam Complaint, Count II, ¶ 107).

Hence, the distinction in the section 36(b) claims in the five class action cases and the Haugen and Bennett cases parallel the distinction between the two sets of cases in Forsythe that the court deemed significant in refusing to consolidate the two groups of cases. Forsythe v. Sun Life Financial, Inc., 2005 WL 81576 at * 1 (D.Mass. Jan. 13, 2005). Furthermore, whereas the Haugen and Bennett actions involve excessive fees charged in connection with five Fidelity funds, the five class action cases concern excessive and undisclosed fees charged in more than 200 Fidelity funds, although the Gilliam plaintiffs point out that the primary basis for naming the nominal defendants is that these

funds will simply share in any future recovery (Docket Entry # 66, Civil Action No. 04-11600-NG, n.6).

The potential for confusion is further magnified when comparing the additional and different claims in the five class action cases to the single and discrete two section 36(b) claims in both the Haugen and Bennett actions. First, the derivative claims in the Haugen and Bennett actions for the excessive fees are equitable in nature and likely require a bench trial. See Kalish v. Franklin Advisors, Inc., 928 F.2d 590, 591 (2nd Cir. 1991); In Re Evangelist, 760 F.2d 27, 28-31 (1st Cir. 1985). In contrast, the allegations of a fraudulent and undisclosed scheme of improper brokerage practices in the five class action cases more than likely warrant a jury trial and the various plaintiffs in each of the five class action cases assert such a demand. Although not dispositive, see Golden Trade S.R.L. v. Lee Apparel Company, 1997 WL 373715 at * 2 (S.D.N.Y. June 25, 1997), the distinction presents a likelihood of confusion and weighs in favor of denying consolidation. See United States EPA v. Green Forest, 921 F.2d 1394, 1402-1403 (8th Cir. 1990).

Second, the one year statute of limitations applicable to the section 36(b) claims prescribes the time period for seeking damages in the Haugen and Bennett actions to one year prior to the 2003 filing of these actions. In contrast, the class actions seek to represent a class of investors purchasing Fidelity funds

throughout a four year period (July 1999 to November 2003). The likely confusion at trial regarding what evidence applies to which case as well as the calculations of damages spanning different time periods counsels against consolidation.

Third, the delay and prejudice to the Haugen and Bennett plaintiffs in the event of consolidation is significant. The Haugen and Bennett actions are relatively small, discrete actions against, at most, five Fidelity funds. Discovery is ready to proceed. In contrast, the class actions encompass additional and different causes of action involving class and derivative claims affecting more than 200 Fidelity funds. The broader allegations of wrongdoing involving undisclosed illicit payments to brokers and false and misleading prospectuses in the class actions will, as noted by the Bennett plaintiffs (Docket Entry # 9, Civil Action No. 04-11651-MLW), add significant if not "astronomical" costs to their discrete and streamlined actions. See, e.g., Town of Norfolk v. United States Environmental Protection Agency, 134 F.R.D. at 22 (finding "that consolidation is inappropriate because the benefits of consolidation are grossly outweighed by its costs").

The overlap in the factual evidence between the five class actions and the Haugen and Bennett actions is relatively small. See Tucker v. Arthur Anderson & Company, 73 F.R.D. 316, 317-318 (S.D.N.Y. 1976) ("the amount of evidence common to both trials

would necessarily be small"); Manual for Complex Litigation § 11.631 (2004) ("whether consolidation is permissible or desirable depends largely on the amount of common evidence among the cases"); Liberty Lincoln Mercury, Inc. v. Ford Marketing Corporation, 149 F.R.D. 65, 81 (D.N.J. 1993) ("'[w]here the evidence in one case is not relevant to the issues in the other, consolidation would create a likelihood of prejudice by confusing the issues'").  Moreover, the class actions will likely be subject to early dispositive motion practice involving standing to bring a section 36(b) claim, see Green v. Nuveen Advisory Corporation, 186 F.R.D. 486, 493 (N.D.Ill. 1999) ("[p]ursuant to 15 U.S.C. § 80a-35(b), plaintiffs do not have standing to bring a § 36(b) claim on behalf of investment companies other than the Funds in which they are security holders"),[7] the scope of the private right of action available under sections 206 and 215 of the Investment Advisors Act of 1940, 15 U.S.C. §§ 80b-6 & 80b-15, see Frank Russell Company v. Wellington Management Company, LLP, 154 F.3d 97, 102-103 (3rd Cir. 1998); Goldstein v. Malcolm G. Fries & Associates, Inc., 72 F.Supp.2d 620, 624-625 (E.D.Va. 1999) (discussing private right of action under sections 206 and 215 of the Investment Advisors Act, 15 U.S.C. §§ 80b-6 & 80b-15);

---

[7] The Gilliam plaintiffs represent that they own shares in 32 of the funds and further dispute the merits of the argument relative to the remaining funds.  (Docket Entry # 66, Civil Action No. 04-11600-NG, Point III).

Prestera v. Shearson Lehman Brothers, Inc., 1986 WL 10095 at * 2 (D.Mass. July 30, 1986), as alleged in Count IV of the Gilliam complaint, and the ability to maintain a private right of action under section 34(b) of the ICA, 15 U.S.C. § 80a-33(b), see In Re Merrill Lynch & Company, Inc. Research Reports Securities Litigation, 272 F.Supp.2d 243, 255-256 (S.D.N.Y. 2003), as alleged in Count I of the Gilliam complaint.

In relatively straight forward terms, the Fidelity defendants indicate that they "intend to move to dismiss some or all of the claims made in the [five class action] complaints, pursuant to Rule 9(b), 12(b)(6) and 23.1." (Docket Entry # 13, Civil Action No. 04-11600-NG, pp. 8-9). In contrast, the Bennett plaintiffs represent that FMR and FMRC "have informed counsel for the Bennett plaintiffs that they, at present, do not intend to file a motion to dismiss in that case." (Docket Entry # 9, Civil Action No. 04-11651-MLW). The early motion practice and issues of class certification, present in the five class action cases and more than likely absent in the Haugen and Bennett actions, will inevitably delay the latter actions which are ready to proceed with discovery.

In sum, weighing the benefits of consolidation, including the avoidance of piecemeal litigation, inconsistent findings and judicial economy, there is nonetheless a marked prospect that consolidation of the five class actions with the Haugen and

Bennett actions will cause significant confusion.  It will also significantly delay the proceedings in both the Haugen and Bennett actions and increase the costs for both the Haugen and Bennett plaintiffs.  The factual allegations of the five class actions and the Haugen and Bennett actions differ to a meaningful degree.  The law also differs considerably both procedurally and substantively.  Furthermore, counsel have expressed a willingness to coordinate, exchange and cooperate in discovery thereby reducing any duplication in effort posed by denying the consolidation of all seven cases.  In short, there is an adequate showing of demonstrable prejudice.  Indeed, the delay, prejudice and confusion resulting from such consolidation greatly outweigh any resulting benefit.  For these as well as additional reasons, consolidation of the class actions with the Haugen and Bennett actions is inappropriate under Rule 42(a), Fed. R. Civ. P.

In contrast, there is little, if any, delay, confusion or prejudice caused by consolidating the five class actions into a single proceeding.  Such a consolidation serves both the needs of the parties and judicial economy.  The five complaints are strikingly similar.  In addition to presenting similar fact discovery, the five cases will likely be subject to similar dispositive motion practice and class certification issues.

As a final matter, the Fidelity defendants ask this court to sever any section 36(b) <u>Gartenberg</u> type claims for excessive

management fees in the class actions and transfer them to the Haugen and Bennett actions.  The presence of the section 36(b) claims based upon improper collection of undisclosed Rule 12b-1 marketing fees counsels against transferring a subset of such section 36(b) claims even if the class action complaints raised such claims.  Moreover, the request to sever and transfer Gartenberg claims is premature for the reasons stated by the Bennett plaintiffs in their response.  (Docket Entry # 79, Civil Action No. 04-11600-NG).  Even assuming that such claims presently exist, severance and transfer is inadvisable.  As argued by the Bennett plaintiffs (Docket Entry # 79, Civil Action No. 04-11600-NG, ¶ 6), including section 36(b) Gartenberg claims based upon the more than 200 Fidelity funds at issue in the class action cases with the section 36(b) Gartenberg claims based upon the five Fidelity funds in the Haugen and Bennett actions will pose proof conflicts in comparing fund size with profitability and economies of scale.

## CONCLUSION

In accordance with the foregoing discussion, the motion to consolidate (Docket Entry # 6, Civil Action No. 04-11600-NG) is **DENIED**.  The motions to consolidate the five class actions consisting of the Gilliam, Bogatin, Awali, Groeschel and Fallert actions (Docket Entry # 70, Civil Action No. 04-11600-NG; Docket

14

Entry # 28, Civil Action No. 04-11642-NG) are **ALLOWED** except to the extent that the requests to sever and transfer the section 36(b) claims in the class actions are **DENIED**.  The clerk shall consolidate the five class action cases into the first filed Gilliam action.

                                                       /s/ Marianne B. Bowler
                                                **MARIANNE B. BOWLER**
                                                United States Magistrate Judge